IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**      ) | |
| Plaintiff,                                             ) | |
|                                                            ) | |
| v.                                                       ) | Case No. 21-cr-30050 |
|                                                            ) | |
|                                                            ) | |
| **BRIAN B. FASSERO,**                      ) | |
| Defendant.                                        ) | |

<u>**OPINION**</u>

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant Brian Fassero's Motion to Dismiss Counts 1-5 of the Superseding Indictment as multiplicitous. (Doc. 61).

**I.     BACKGROUND**

Defendant Brian Fassero was originally charged in a one-count indictment with unlawful possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). (Doc. 1). Subsequently, Defendant was charged by superseding indictment with five counts of possession of child pornography. (Doc. 46). Count One relates to the alleged possession of child pornography on or about June 15, 2021. (Doc. 46 at 1-2). The remaining four counts allege the conduct occurred on or between July 9, 2019, and June 15, 2021. (*Id.* at 2-7). Each count relates to images alleged to have been found on a different device possessed by Defendant. (*Id.* at 1-7).

Defendant alleges each device was located in the home of his aunt with whom he resided with in Benld, Illinois on June 15, 2021, when he was arrested and all of the

devices were seized by law enforcement. He contends each count is multiplicitous in that the counts allege the same time period, the same location, and possession of five separate electronic storage devices or media containing images of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Defendant asks the Court to dismiss each count on that basis or, in the alternative, he requests a bill of particulars specifying the time, place, date, and specific image he is alleged to have possessed.

The Government disputes Defendant's assertion that the counts are multiplicitous and contends Defendant's motion should be denied. Furthermore, even if the Court believed the counts were multiplicitous, the remedy sought by Defendant is overbroad and without basis. The Government further asserts that because the indictment provides the requisite notice to Defendant, a bill of particulars is not the appropriate remedy.

## II.   DISCUSSION

An indictment is multiplicitous when it charges a single offense as separate counts. *United States v. Ajayi*, 808 F.3d 1113, 1123 (7th Cir. 2015). Such an indictment "exposes the defendant to the threat of receiving multiple punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment." *Id.* (internal quotation marks and citation omitted). To "determine whether a given indictment contains multiplicitous counts, we look to the applicable criminal statute to see what the allowable 'unit' of prosecution is—the minimum amount of activity for which criminal liability attaches." *Id.* (quoting *United States v. Allender*, 62 F.3d 909, 912 (7th Cir. 1995)). The statute under which Defendant is charged states in relevant part:

> [a]ny person who knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer shall be punished as provided in subsection (b).

18 U.S.C. § 2252A(a)(5)(B). Defendant contends he is subject to double jeopardy because each of the five counts of the indictment are based on the violation of the same statute over the same period of time.

The Seventh Circuit has not addressed whether a defendant's simultaneous possession of multiple electronic storage devices containing child pornography in a single location constitutes a single offense under §2252A(a)(5)(B). However, two other circuits have held that multiple counts of possession of child pornography are permissible in cases such as this. In *United States v. Planck*, 493 F.3d 501 (5th Cir. 2007), the Fifth Circuit rejected the defendant's argument that he committed only a single violation of § 2252A(a)(5)(B) when he was found in possession of three different types of devices containing child pornography at the same time and place. *Id.* at 503-04. "[W]here a defendant has images stored in separate materials (as defined in 18 U.S.C. § 2252A), such as a computer, a book, and a magazine, the Government may charge multiple counts, each for the type of material or media possessed, as long as the prohibited images were obtained through the result of different transactions." *Id.* at 504. The court reasoned that the "*actus reus* is the possession of child pornography; the Government need only prove the defendant possessed the contraband at a single place and time to establish a single

act of possession and, therefore, a single crime." *Id.* at 505. Because defendant possessed the child pornography on three different devices, the court concluded he committed three separate crimes and the counts were not multiplicitous. *Id.*; *see also United States v. Woerner*, 709 F.3d 527, 540 (5th Cir. 2013) (citing *Planck* and stating: "The allowable unit of prosecution for § 2252A(a)(5)(B) is each 'material,' or medium, containing an image of child pornography.").

In *United States v. Hinkeldey*, 626 F.3d 1010 (8th Cir. 2010), the Eighth Circuit considered the appeal of a defendant who claimed the counts were multiplicitous following his convictions on six possession counts on an indictment which charged a separate possession count for the computer, zip drive, and four computer disks. *Id.* at 1011-12. In reviewing the conviction for plain error, the court stated that "[t]he term 'any' does not obviously suggest a single unit of prosecution, and even assuming it is ambiguous, there is a substantial argument that the court should reject a reading that would punish an offender in possession of thousands of illicit images in the same manner as an individual in possession of a single image." *Id.* at 1014 (internal citation omitted). The court in *Hinkeldey* cited *Planck* in rejecting the defendant's double jeopardy challenge and affirming his convictions. *Id.* at 1013.

Defendant relies in part on *United States v. Polouizzi*, 564 F.3d 142 (2d Cir. 2009) and *United States v. Elliott*, 937 F.3d 1310 (10th Cir. 2019). In considering the propriety of multiple counts for the same statutory violation involving child pornography, the court in *Polouizzi* was interpreting § 2252(a)(4)(B), which makes it a crime to:

> knowingly possess[], or knowingly access[] with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer . . . shall be punished as provided in subsection (b) of this section.

18 U.S.C. § 2252(a)(4)(B). The court in *Polouizzi* determined that the "1 or more" language in the statute "indicates that a person commits one violation of the statute by possessing more than one matter containing a visual depiction of child pornography." 564 F.3d at 155. Because the phrase "1 or more" indicates the plural, "the plain language of the statute provides that a person who possesses '1 or more' matters containing a prohibited image has violated the statute only once." *Id.* As the Government notes, the "1 or more" language does not appear in § 2252A(a)(5)(B), the offense with which Defendant is charged. Given that the Second Circuit's reasoning was premised on words in the statute that do not appear in the statute under which Defendant is charged, the Court is not persuaded by the reasoning in *Polouizzi*.

Defendant also relies on the Tenth Circuit's decision in *United States v. Elliott*, 937 F.3d 1310 (10th Cir. 2019), wherein that court held that defendant's simultaneous possession of multiple electronic storage devices containing child pornography constituted a single offense under § 2252A(a)(5)(B), thereby requiring the court to vacate all but one of defendant's convictions. *Id.* at 1312. The court agreed with defendant's argument that the word "any" in the statute is ambiguous and thus concluded that the

rule of lenity required it to "construe § 2252A(a)(5)(B) to preclude distinct charges for each electronic device or medium simultaneously possessed." *Id.*

Defendant also cites a report and recommendation entered by retired United States Magistrate Judge Tom Schanzle-Haskins in *United States v. Hannah*, Case No. 18-CR-30071, 2021 WL 3698909 (C.D. Ill. Jan. 8, 2021), which considered the defendant's argument that an indictment charging him with five counts of possession of child pornography on five different electronic storage devices was multiplicitous. *Id.* at *15. Based on the United State Supreme Court's interpretation of "any" as the word is used in other statutes, Judge Schanzle-Haskins found that the word "any" was ambiguous in § 2252A(a)(5)(B) and the rule of lenity required finding that defendant's simultaneous possession on the same day of multiple electronic storage media containing child pornography must be considered a single crime.[1] *Id.* at 16.

The Court is not persuaded by the reasoning in *Elliott* or *Hannah*. The Tenth Circuit in *Elliott* interpreted the word "any" as it is used in other statutes—including the Mann Act and statutes governing the regulation of firearms and ammunition, the theft or receipt of stolen mail, and deaths occurring in connection with a bank robbery—in determining that "any" was ambiguous and applying the rule of lenity. *Elliott*, 937 F.3d at 1313-15. The structure of § 2252A(a)(5)(B) clearly allows for multiple charges when different images of child pornography are found on multiple devices. As the Government alleges, while each

---

[1] The Government notes that in *Hannah*, Judge Schanzle-Haskins ruled on several issues in the report and recommendation. Some but not all of his recommendations were adopted by United States District Judge Sue Myerscough. This particular issue was rendered moot when the Government superseded the indictment.

count charges Defendant with possessing child pornography over the same course of time, each device has a different number of child pornography images with creation date ranges that are unique from each other—at least to the extent that dates are known. Because the material would have had to be independently copied, downloaded, and saved on each device, each of the five charges represent different and distinct transactions. "A contrary result would allow amassing a warehouse of child pornographic material—books, movies, computer images—with only a single count of possession as a potential punishment." *Planck*, 493 F.3d at 504. Therefore, the Court concludes that the five counts of the superseding indictment are not multiplicitous.

### III.   CONCLUSION

Based on the foregoing, the Court has no basis to dismiss Counts One through Five. Because the superseding indictment sufficiently apprises Defendant of the charges to allow for adequate trial participation, the Court concludes that a bill of particulars is not warranted. Therefore, Defendant Brian Fassero's Motion to Dismiss Counts 1-5 of the Superseding Indictment [Doc. 61] is DENIED.

ENTER: January 21, 2025

/s/ Colleen R. Lawless
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE