IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>BRIAN B. FASSERO,<br>    Defendant. | )<br>)<br>)<br>)    Case No. 21-cr-30050<br>)<br>)<br>)<br>) |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is the Government's Motion to Bar Witnesses at Evidentiary Hearing (Doc. 103). For the reasons that follow, the Government's motion is granted.

On September 18, 2025, an evidentiary hearing on Defendant Brian Fassero's Motion to Suppress Direct and Indirect Products of Interrogation (Doc. 71) commenced and was continued to October 22, 2025. The Government claims there is no need for the Court to hear from Investigator Larry Rayburn, who Defendant subpoenaed to appear at the hearing. At the beginning of the hearing, Defendant also stated he intended to call the Assistant United States Attorney (AUSA) assigned to the case as a witness. The Government claims Defendant has no basis to do so.

The Government contends two statements are at issue in the hearing: (1) Defendant's statements to Homeland Security Investigations (HSI) Resident Agent in Charge Eric Bowers and Macoupin County Detective Ryan Dixon in the recording admitted as Government's Exhibit 1; and (2) Defendant's cell phone passcode provided to HSI Special Agent Robert Lawson. The Government does not intend to use Defendant's

statements to Agent Bowers and Detective Dixon in its case-in-chief. According to the Government, the recording shows the agent's patience, the continued reengagement by Defendant, and the interruption of *Miranda* warnings by Defendant. The recording indicates when Defendant was taken into custody and also shows that, sometime thereafter, Defendant was permitted to go back inside his home to eat and obtain medicine. It was at that time SA Lawson, upon seeing Defendant and assuming he was not in custody, asked about the passcode.

The Government claims that, while there are multiple different arguments the passcode was properly obtained by SA Lawson, including Defendant's behavior and the surrounding circumstances, those arguments need not be addressed because the inevitable discovery doctrine applies. The inevitable discovery doctrine is an exception to the exclusionary rule which applies "where the government establishes by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means." *United States v. Rosario*, 5 F.4th 706, 713 (7th Cir. 2021) (internal quotation marks and citations omitted). To show that the evidence inevitably would have been lawfully discovered, the Government must demonstrate that two criteria are met:

> First, it must show that it had, or would have obtained, an independent, legal justification for conducting a search that would have led to the discovery of the evidence; second, the Government must demonstrate that it would have conducted a lawful search absent the challenged conduct.

*Id.* The Government argues it is unnecessary for the Court to hear from Investigator Rayburn because the inevitable discovery doctrine clearly applies. The testimony at the

hearing revealed Rayburn was part of the perimeter team and was not involved in the recorded interview of Defendant. Investigator Rayburn transported Defendant to the Macoupin County Jail, which occurred after Defendant spoke to SA Lawson inside the residence.

The Court finds that Defendant's cell phone passcode would have been discovered by lawful means. The Government could easily show it is more likely true than not true the passcode and fruits of the search inevitably would have been discovered by lawful means. Undoubtedly, the Government could show that it had an independent, legal justification for searching the cell phone which would have led to the discovery of evidence. Furthermore, the Government would have conducted a lawful search but for SA Lawson's mistaken assumption that Defendant was not in custody. Therefore, the Court grants the Government's Motion to Bar Witnesses to the extent it relates to Investigator Rayburn.

As for the AUSA, Defendant stated he wanted to call her as a witness to address his claims about discovery. "It is well-settled that the district court may decline to allow the defendant to call the prosecutor as a witness if it does not appear the prosecutor possesses information vital to the defense." *United States v. Wooten*, 377 F.3d 1134, 1142-43 (10th Cir. 2004) (internal quotation marks and citation omitted). The "appearance of counsel as a witness is improper except in extraordinary circumstances." *United States v. Trapnell*, 638 F.2d 1016, 1025 (7th Cir. 1980). The advocate-witness rule precludes counsel from "acting as both an advocate and a witness in a single proceeding except under special circumstances." *United States v. Marshall*, 75 F.3d 1097, 1106 (7th Cir. 1996).

Defendant has neither shown that the AUSA possesses information vital to the instant motion nor that any special circumstances are present in this case. Given that Defendant's discovery claims are not the subject of the evidentiary hearing, the Court concludes Defendant cannot meet the high threshold required in order to obtain the AUSA's testimony.

For the reasons stated herein, the Government's Motion to Bar Witnesses at Evidentiary Hearing [Doc. 103] is GRANTED. The Court hereby Quashes the Subpoena as to Larry Rayburn. The Court further bars Defendant from calling as a witness the Assistant United States Attorney assigned to the case.

ENTER: October 20, 2025

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE