IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br><br> v. <br><br> BRIAN B. FASSERO, <br> Defendant. | ) <br> ) <br> ) <br> ) Case No. 21-cr-30050 <br> ) <br> ) <br> ) <br> ) |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant Brian Fassero's Motion to Suppress Direct and Indirect Products of Interrogation. (Doc. 71). For the reasons that follow, Defendant's motion is denied.

I.  BACKGROUND

Defendant Brian Fassero, appearing pro se with the assistance of stand-by counsel, moved to suppress the direct and indirect products of interrogation on the basis that he was subject to custodial interrogation without having first received his *Miranda* warnings. The Government initially argued Defendant was not in custody at the time he was questioned and, even if Defendant was in custody, the statements and evidence should not be suppressed based on the inevitable discovery doctrine. The Court held an evidentiary hearing over the course of two days where several witnesses testified. Following the hearing, the parties submitted written closing arguments. (Docs. 132, 133).

On or about June 2, 2021, Homeland Security Investigations (HSI) Special Agent (SA) Robert Lawson submitted an affidavit in support of a search warrant for Defendant's

person, cell phone, and home. *In re Search Warrant*, No. 21-mj-3068, C.D. Ill. June 2, 2021. United States Magistrate Judge Schanzle-Haskins authorized the affidavit upon finding there was probable cause to believe that contraband, evidence, fruits, and instrumentalities of a violation of 18 U.S.C. § 2252A (possession of child pornography) would be found at Defendant's residence, on Defendant's person, and in Defendant's cell phone. Following the issuance of the warrant on June 2, 2021, the search occurred on June 15, 2021.

Upon arriving at Defendant's home, Macoupin County Sheriff's Office Sgt. Kirchner encountered Defendant exiting the side door of the residence. The testimony established an Apple iPhone was retrieved from Defendant and turned over to SA Lawson. HSI Resident Agent in Charge Bowers, while accompanied by Macoupin County Sheriff's Office Lt. Dixon, attempted to conduct an interview with Defendant. During the recorded interview, Defendant expressed a desire to remain silent before reengaging agents in conversation. Initially, Agent Bowers had both an audio/video recording and an audio only backup. The audio only backup was found by Agent Bowers in August 2025 and is the only recording that could be located at the time of the hearing. Defendant's vacillation between remaining silent and talking to agents resulted in an incomplete reading of his *Miranda* rights.

Later, when Defendant was inside his residence, SA Lawson asked Defendant if he would save agents some time accessing Defendant's phone by providing the passcode. Defendant provided the passcode to agents. SA Lawson testified he did not recall Defendant in handcuffs and it did not appear Defendant was in custody. SA Lawson

testified he was familiar with that model iPhone and would have been able to access the iPhone in a matter of hours even without the passcode. SA Lawson stated he maintained custody of the phone in the HSI digital forensics lab and that he successfully performed an extraction of the devices. He testified that upon reviewing the device's contents, he found child pornography and data that indicated the phone had accessed Viber, a secure messaging platform that allows its users to place audio and video calls, send text messages, photographs, and videos.

## II.    DISCUSSION

Based on the "inherently isolating and compelling nature of a custodial interrogation, the *Miranda* Court required the exclusion of incriminating statements obtained during custodial interrogation unless the suspect fails to claim the Fifth Amendment privilege after being suitably warned of his right to remain silent and of the consequences of his failure to assert it." *United States v. Campbell*, 110 F.4th 964, 970 (7th Cir. 2024) (internal quotation marks and citation omitted). Courts use an objective test in determining whether an individual is in custody, examining the circumstances surrounding the interrogation and asking "whether a reasonable person would have felt he or she was not at liberty to terminate the interrogation and leave." *Id.* at 971. A court considers the totality of circumstances in making that determination. *Id.* Lieutenant Dixon, the Chief of Investigations for the Macoupin County Sheriff's Office, testified Defendant was not free to leave but was not under arrest. Based on all of the circumstances, the Court concludes Defendant was in custody and thus subject to the protections of *Miranda* at the time he was questioned.

The Government contends the evidence should not be suppressed under the inevitable discovery doctrine, because the previously obtained search warrant already authorized the review of evidence on the Apple iPhone which would have been obtained by forensic analysis. The inevitable discovery doctrine is an exception to the exclusionary rule which applies "where the government establishes by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means." *United States v. Rosario*, 5 F.4th 706, 713 (7th Cir. 2021) (internal quotation marks and citations omitted). To show that the evidence inevitably would have been lawfully discovered:

> the Government must demonstrate that two criteria are met: First, it must show that it had, or would have obtained, an independent, legal justification for conducting a search that would have led to the discovery of the evidence; second, the Government must demonstrate that it would have conducted a lawful search absent the challenged conduct.

*Id.* The Court previously determined the inevitable discovery doctrine appeared to apply to this situation. (Doc. 104). The search warrant issued by Judge Schanzle-Haskins authorized the search of Defendant's iPhone before agents arrived at his home. Thus, there was an independent legal justification for conducting the search that would have led to the discovery of the evidence.

The testimony at the hearing confirmed the evidence would have been discovered lawfully even without the passcode. SA Lawson testified he had successfully performed an extraction on the same model iPhone as that owned by Defendant within the previous month. While receiving the passcode undoubtedly allowed agents to more quickly access the iPhone's contents, the contents inevitably would have been discovered without the

passcode. Other court have applied the inevitable discovery doctrine in similar circumstances. *See United States v. Jackson*, 2020 WL 810747, at *4-5; *11-12 (W.D. N.Y. Feb. 19, 2020) (applying the inevitable discovery doctrine based on agent's testimony that he had successfully accessed ten similar cellphones without a password and that, even if the technology to access the phone did not exist at the time of the phone's seizure, it generally became available within six months); *United States v. Bello*, 2024 WL 5319710, at *12 (E.D. Tex. Dec. 19, 2024) (applying inevitable discovery when the FBI obtained the technology within six months to one year of the phone seizure); *but see United States v. Clark*, 683 F. Supp.3d 97, 110 (D. Mass. 2023) (declining to apply the inevitable discovery doctrine to evidence on a cell phone when the FBI lacked the ability to access the contents of the cell phone without a passcode at the time of the search and, more than one year later, still could not access the phone).

The Government notes this case is analogous to *United States v. Will*, 2015 WL 3822599 (N.D. W. Va. 2015), wherein officers went to the defendant's home to execute an arrest warrant and a search warrant for his home and devices. *Id.* at *9. The defendant was provided an incomplete reading of his *Miranda* rights, as the officer failed to advise him that an attorney would be provided if he could not afford one. *Id.* He was then asked for the passcode for his cellphone. *Id.* The court determined that assuming there was a *Miranda* violation, the inevitable discovery doctrine applied given that the evidence would have been extracted from the cellphone without the passcode. *Id.* at *16.

SA Lawson credibly testified he was confident he would have been able to obtain the evidence without the passcode based on his training and experience. Lt. Dixon

corroborated this information, stating that the sheriff's department was generally able to access certain model iPhones without a passcode. The Court agrees with those district courts that have found similar searches to be lawful based on the inevitable discovery doctrine. Based on the foregoing, the Court concludes the Government has established by a preponderance of the evidence that it would have conducted a lawful search absent the challenged conduct. The acquisition of the contents of the iPhone was inevitable with or without the passcode. The passcode simply enabled the agents to access the contents of the phone in a more efficient manner. The failure to complete the *Miranda* warning here was due, at least in part, to imperfect communication among the agents on the scene. It is also worth noting Agent Bowers undoubtedly would have completed the *Miranda* warning if Defendant had not continued to interrupt Bowers by saying he wanted to remain silent and then reengaging with Bowers. Defendant was permitted by Macoupin County Sheriff's Department personnel to go back inside his residence to obtain food and medicine, which led SA Lawson to assume Defendant was not in custody. Thus, there is no indication of bad faith on the part of law enforcement.

### III. CONCLUSION

Based on the foregoing, the Court finds the discovery of the evidence was inevitable. The search warrant authorized the search before agents arrived at Defendant's home, and the Government would have conducted a lawful search absent the miscommunication. Accordingly, Defendant's Motion to Suppress Direct and Indirect Products of Interrogation (Doc. 71) is DENIED.

ENTER: December 23, 2025

                                               COLLEEN R. LAWLESS
                                      UNITED STATES DISTRICT JUDGE