IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>BRIAN B. FASSERO,<br>    Defendant. | )<br>)<br>)<br>)   Case No. 21-cr-30050<br>)<br>)<br>)<br>) |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant Brian Fassero's Motion to Compel under 18 U.S.C. § 3504. (Doc. 74). For the reasons that follow, Defendant's Motion to Compel is denied.

I.    BACKGROUND

Defendant requests for the Court to conduct an evidentiary hearing, sanction the Government for disclosure failures, and to order the Government to affirm or deny the occurrences of the unlawful acts by agents as alleged by Defendant. (Doc. 74 at 1). In seeking this relief, Defendant contends all alleged inculpatory evidence or information in the Government's possession is inadmissible because the evidence was obtained due to unlawful acts by Government agents in violation of the Take Care Clause of the United States Constitution, federal criminal statutes, and Defendant's Fourth, Fifth, and Sixth Amendment rights. (*Id.*) Defendant further asserts any mention or reference to such evidence or information would be more prejudicial than probative. (*Id.* at 1-2).

Defendant contends the Government or its agents committed unlawful acts in accessing an electronic communication service which led to the charges in this case. Homeland Security Investigations ("HSI") in Pretoria, South Africa participated in a joint operation with the South African Police Service involving the search, interrogation, and arrest of a South African national. Defendant claims HSI Pretoria agents unlawfully compelled the South African national to transfer to HSI his access credentials issued by Viber, a secure, end-to-end encrypted chat platform. The Government notes that the subject of that investigation consented to allow HSI to assume his online identity to gain access to Viber. Viber allows its users to place audio and video calls, send text messages, photographs, and videos, and access the protected computers of others.

Defendant alleges HSI obtained information they were not entitled to access. This "unlawful access" was designed to facilitate unlawful searches and seizures of electronic communication service platforms. Defendant claims HSI Pretoria agents used or attempted to use the contents of the electronic communications from Viber to prepare lists of Viber users as investigation targets. Defendant contends HSI Pretoria agents used an "administrative summons" to AT&T to fraudulently obtain "confidential phone records information" from a "telecommunications carrier" without a warrant. The "unlawfully issued" administrative summons sought to compel AT&T to provide confidential phone record information related to a particular telephone number as part of a criminal investigation. Defendant alleges the use of the administrative subpoena by HSI Pretoria agents was not authorized by any court, statute, or any recognized exception to the requirements of the Warrant Clause of the Constitution.

On or about June 2, 2021, HSI Special Agent Robert Lawson (SA Lawson) submitted an affidavit in support of a search warrant for Defendant's person, cell phone, and home. (Doc. 83 at pp. 3-4). The affidavit described SA Lawson's investigation including providing background on Viber. (*Id.* at 4-5). SA Lawson stated that on or about February 10, 2021, HSI entered an encrypted chatroom on Viber using the assumed account. (*Id.* at 5). HSI identified at least 75 videos depicting child pornography and numerous other child pornography images directly uploaded and viewable in the chat log of the chatroom. (*Id.*) The chat log included web links to other sources that contain files of child pornography. (*Id.*) HSI's video capture shows that user "Mm" was a member of the chatroom at the time of the recording. (*Id.* at 5-6). The phone number linked to "Mm" was subsequently determined to be associated with Defendant. (*Id.* at 6-7). SA Lawson identified the user of the phone number by sending legal process to AT&T and reviewing Defendant's February 9, 2021 Illinois Sex Offender Registration Act ("SORNA") form. (*Id.* at 7). Defendant was previously convicted in Missouri of 1st Degree Child Molestation with Injury. (*Id.*)

SA Lawson explained he reviewed the video captures and observed many postings of child pornography, including six videos posted in the chat room and available for all members of the room to see. (*Id.* at 6-7). He described the length of each video, approximate age of the victims, and nature of the illegal activity. (*Id.*)

SA Lawson further stated that, "[b]ased on [his] knowledge, training, and experience in child exploitation and child pornography investigations, and the training and experience of other law enforcement officers with whom [he has had] discussions,

he knows "there are certain characteristics common to individuals involved in the receipt and collection of child pornography." (*Id.* at 7-8). Collectors of child pornography may correspond with or meet other like-minded individuals to "share information and materials." (*Id.* at 8). Furthermore, they typically maintain their collection for many years and often do so "in a safe, secure, and private environment such as a computer and surrounding area. A collector's child pornography images are often kept close by, usually at the collector's residence, to enable the collector to view the collection, which is valued highly." (*Id.*)

After reviewing the affidavit and accompanying documents, the magistrate judge found probable cause to believe contraband, evidence, fruits, and instrumentalities of a violation of 18 U.S.C. § 2252A (possession of child pornography) would be found and issued the search warrant for Defendant's residence, electronic devices, and person for evidence of child pornography offenses. (*Id.* at 4, 8). The search was conducted on June 15, 2021, while Defendant was present at his residence. (*Id.* at 8). An Apple iPhone was located in Defendant's pocket and turned over to SA Lawson. (*Id.* at 9). Several electronic devices were discovered and seized by law enforcement. (*Id.*) After seizing two firearms, the Macoupin County Sheriff's Office—who was present to assist HSI—arrested Defendant for possession of a weapon by a felon under Illinois law on June 5, 2021. (*Id.*)

Following a forensic review of the Apple iPhone, Defendant was charged by Indictment on July 7, 2021, with one count of possession of child pornography. (*Id.*) SA Lawson completed his review of many of the other electronic devices by fall of 2021. (*Id.*)

Defendant was subsequently charged by Superseding Indictment with five counts of possession of child pornography on July 9, 2024. (*Id.*)

## II. DISCUSSION

Defendant raises numerous claims relating to the issuance of the search warrant and the conduct of law enforcement. Defendant contends the searches were conducted without a valid warrant. Defendant also alleges the seizures violated his civil rights. Defendant further contends the forensic searches of the devices were conducted after the warrant expired on June 15, 2021. The Government interprets Defendant's motion, at least in part, as an attempt to file a motion to suppress and request a *Franks* hearing.

### A. Claims Previously Addressed

To the extent that Defendant argues the searches were illegal because the forensic searches of his electronic devices were conducted after June 15, 2021, the Court has already rejected Defendant's argument. In denying one of Defendant's Motions to Suppress (Doc. 77), the Court noted that the search warrant authorized the seizure of Defendant's devices by June 15, 2021, and the later forensic search of the electronically stored information. (Text Order of January 30, 2026). The Court also rejected Defendant's contention that the warrant was defective because it erroneously provided for delayed notice. (*Id.*) To the extent Defendant seeks to challenge the consent for the account takeover provided by the South African national to HSI Pretoria, the Court has already ruled that Defendant lacks standing to challenge the consent provided by a third party. (Doc. 76).

### B. Legal Standards for Issuance of Search Warrants

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. "To establish probable cause, a warrant application must contain facts that, given the nature of the evidence sought and the crime alleged, allow for a reasonable inference that there is a fair probability that evidence will be found in a particular place." *United States v. Roland*, 60 F.4th 1061, 1064 (7th Cir. 2023) (internal quotation marks and citations omitted). Obviously, police may not obtain a warrant by including false information on the application or omitting material information. *Id.* "A judge in a criminal prosecution must afford 'great deference' to the probable-cause finding by the judge who issued the warrant." *United States v. Glenn*, 966 F.3d 659, 660 (7th Cir. 2020).

"A defendant is entitled to a *Franks* hearing—an evidentiary hearing regarding the veracity of information included in a search warrant application—if he can make a substantial preliminary showing that: (1) the warrant affidavit contained false statements, (2) these false statements were made intentionally or with reckless disregard for the truth, and (3) the false statements were material to the finding of probable cause." *United States v. Sanford*, 35 F.4th 595, 597 (7th Cir. 2022) (internal quotation marks omitted). This standard is not limited to false statements but also applies to material omissions. *Id.* at 598. A hearing is necessary if there are "allegations of deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Id.* (quoting *Franks*, 438 U.S. at 171). "If sufficient allegations existed warranting the search irrespective of the affiant's alleged errors, a hearing is unnecessary and the motion should be denied." *United States v. Mullins*, 803 F.3d 858, 862 (7th Cir. 2015).

The Seventh Circuit has described a defendant's burden as "substantial," stating that "*Franks* hearings are rarely required." *United States v. Johnson*, 580 F.3d 666, 670 (7th Cir. 2009). To obtain a *Franks* hearing, a defendant must "offer direct evidence of [the affiant's] state of mind or circumstantial evidence that [the affiant] had a subjective intent to deceive based on the nature of [his] omissions." *United States v. Clark*, 935 F.3d 558, 566 (7th Cir. 2019) (quoting *United States v. Glover*, 755 F.3d 811, 820 (7th Cir. 2014)). This requires more than a showing of negligence and may be established by "circumstances showing obvious reasons for the affiant to doubt the truth of the allegations." *United States v. Williams*, 718 F.3d 644, 650 (7th Cir. 2023).

The good-faith exception to the warrant requirement announced in *United States v. Leon*, 468 U.S. 897 (1984) provides that "the fruits of a search based on an invalid warrant may be admitted if the officers who executed the search relied upon the warrant in good faith." *United States v. Yarber*, 915 F.3d 1103, 1106 (7th Cir. 2019). An officer's decision to seek a warrant is prima facie evidence of good faith. *United States v. Curry*, 538 F.3d 718, 730 (7th Cir. 2018). If the officer also consults with a prosecutor prior to obtaining a warrant, as happened here, that is further evidence of good faith. *United States v. Pappas*, 592 F.3d 799, 802 (7th Cir. 2010). A defendant may rebut the presumption of good faith by presenting evidence establishing that:

(1) the issuing judge wholly abandoned his judicial role and failed to perform his neutral and detached function, serving merely as a rubber stamp for the police;
(2) the affidavit supporting the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or
(3) the issuing judge was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth.

*Id.*

Defendant points to two misstatements by SA Lawson. First, he mistakenly called the administrative subpoena issued to AT&T a "summons." There is no indication the magistrate judge was confused by the statement or that it was material to the finding of probable cause. Additionally, Defendant's phone number was registered on Defendant's SORNA form so it would have been discovered without the administrative subpoena.

The second alleged misstatement is that a would-be group member in Viber must take affirmative steps to join a group. Defendant notes that another district court addressed this issue in a case resulting from the same operation. *See United States v. Austin*, 640 F. Supp.3d 171, 176 (D. Ma. 2022) ("Second, Agent Ronayne stated that groups 'require affirmative steps on the part of their members to join these groups.' The government now admits that a user may become a member of a Viber group by being invited to the group in question and without taking any affirmative steps to join."). The Government acknowledges SA Lawson's misstatement and states that agents reviewing the Viber website appear to have conflated the different offerings of channels, communities, and groups.

The Court concludes that the misstatement does not affect the probable cause analysis. There was more than enough probable cause to justify the magistrate judge's issuance of the search warrant. Furthermore, there is absolutely no indication that SA Lawson made the misstatement intentionally or with reckless disregard for the truth.

Upon considering the totality of the circumstances, the Court finds that the warrant was supported by probable cause. SA Lawson's affidavit established Defendant was a registered sex offender who signed up for an account on Viber, which is known to be used by individuals to obtain access to child pornography because of the "end-to-end" encryption it offers to users. An account listing Defendant's phone number was a member of a group in which numerous images of child pornography were shared. The groups were accessible by invitation only. SA Lawson explained that collectors of child pornography often seek out like-minded individuals on the internet "to share information and trade child pornography." The only way for a person to know how to access a non-public, invitation-only group is by communicating with other individuals with similar interests. Moreover, after an individual obtains access to and possesses any images or videos on one device or online storage account, that person will likely possess more images or videos on more devices or accounts that he controls, which he is likely to keep close by.

The Seventh Circuit has observed that the issuing judge's probable cause determination "should be overruled only when the supporting affidavit, read as a whole in a realistic and a common sense manner, does not allege specific facts and circumstances from which the [issuing judge] could reasonably conclude that the items sought to be seized and associated with the crime and located in the place indicated." *United States v. Wiley*, 475 F.3d 908, 915 (7th Cir. 2007) (quoting *United States v. Newson*, 402 F.3d 780, 782 (7th Cir. 2005)). Defendant argues probable cause was lacking because he was not logged into the Viber group chat at the time of the screen capture by HSI Pretoria. As the Fourth

Circuit observed, "the likelihood that a specific filesharing page containing child pornography would find its way to somebody uninterested in such contraband — thereby exposing its distributors to detection, capture, and loss of their materials — is probably quite low." *United States v. Bosyk*, 933 F.3d 319, 327-28 (4th Cir. 2019).

Based on the totality of the circumstances, including Defendant's status as a registered sex offender, his presence in a difficult to access group where individuals shared images of child pornography, along with the characteristics typical of child pornography consumers as displayed by Defendant, and other factors provided in SA Lawson's affidavit, the Court concludes there was probable cause to issue the search warrant.

Defendant has not made the "substantial" showing necessary to warrant a *Franks* hearing. The Government acknowledges that, as to Viber groups, SA Lawson may have misstated or incompletely described the process through which a would-be group member could access the group after being invited to join. SA Lawson correctly explained that one method of access is "by invitation only, often through other Chat Application A groups." SA Lawson did not explain that invitations can come from a direct link shared by someone else or through an actual invitation from someone to join the group and that, in some cases, depending on the Viber user's settings, when access is obtained "through an invitation," the user may receive access to the group without having to take any affirmative steps to join. *See Austin*, 640 F. Supp.3d at 179-80. SA Lawson never indicated Defendant was "active" in the group at the time that HSI conducted a screen recording, but rather that Defendant was a "member" of the group and "part of" the chat room.

Defendant has presented no direct or circumstantial evidence that SA Lawson's misunderstanding of Viber was knowing or intentional. The fact that another HSI agent in a different case had the same misunderstanding suggests some general lack of clarity about how Viber worked. Furthermore, even if the Court believed SA Lawson was negligent in educating himself about the workings of the Viber platform, Defendant must show more than negligence to warrant a *Franks* hearing. *See Williams*, 718 F.3d at 650. Defendant has not met the heavy burden required to show he is entitled to a *Franks* hearing.

Even if the magistrate judge erred in issuing the warrant, the Court concludes Defendant's motion would still be denied because the search was justified by the good-faith exception to the warrant requirement. The fact that SA Lawson sought a warrant is prima facie evidence of good faith. *See Curry*, 538 F.3d at 730. His decision to consult with a prosecutor prior to seeking the warrant is further evidence of good faith. *See Pappas*, 592 F.3d at 802. Defendant has failed to demonstrate the search warrant was lacking in probable cause or facially deficient and the magistrate judge was neither knowingly misled nor acting in derogation of his judicial role. Thus, Defendant cannot rebut the presumption of good faith and the evidence seized pursuant to the warrant is admissible.

### III.     CONCLUSION

For the reasons stated herein, Defendant has not shown he is entitled to a *Franks* hearing or that the evidence must be suppressed. The Court further finds that the probative value of the evidence is not substantially outweighed by a danger of unfair prejudice under Federal Rule of Evidence 403. None of the additional sanctions sought

by Defendant are warranted. Therefore, Defendant's Motion to Compel or Suppress under 18 U.S.C. § 3504 (Doc. 74) is DENIED.

ENTER: February 9, 2026

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　COLLEEN R. LAWLESS
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE