IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,           )
                             )
    v.                       )        Case No. 21-cr-30050
                             )
                             )
BRIAN B. FASSERO,            )
                             )
        Defendant.           )

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant Brian Fassero's *Pro Se* Motion to Dismiss for

Violation of the Speedy Trial Act and Violation of Constitutional Due Process. (Doc. 143).

For the reasons that follow, Defendant's motion is denied.

I.    BACKGROUND

On July 7, 2021, Defendant Brian Fassero was charged by Indictment with one

count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and

(b)(2). (Doc. 1). He was arrested on July 19, 2021. A Superseding Indictment was filed on

July 9, 2024, charging an additional four counts of possession of child pornography based

on images found on devices recovered from Defendant's residence. The Superseding

Indictment included notice that a prior conviction would enhance Defendant's sentence.

Defendant moves to dismiss the Superseding Indictment based on the Speedy

Trial Act, 18 U.S.C. § 3161, and because he claims his Sixth Amendment right to a speedy

trial has been violated. In response, the Government contends almost all the time that has

elapsed is excluded from the 70-day time period of the Speedy Trial Act. The Government further argues that, upon consideration of the relevant factors, Defendant's motion based on the Sixth Amendment should be denied.

## II.    DISCUSSION

### A. Speedy Trial Act Right

The Speedy Trial Act generally requires a defendant's criminal trial to begin "within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court." 18 U.S.C. § 3161(c)(1). If the 70-day time period is not met, the indictment is subject to dismissal on motion of the defendant. 18 U.S.C. § 3162(a)(2). However, certain continuances and delays are excludable from the 70-day period, including "any period of delay resulting from a continuance granted by the judge on his own motion or at the request of" either party, if the court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Also excludable is "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D).

The Speedy Trial Act outlines several non-exhaustive factors trial courts should consider in determining whether the ends of justice support a continuance, including "[w]hether the failure to grant such a continuance . . . would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the

attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B).

Defendant alleges it has been 1,662 days since his original arraignment and 577 days since his arraignment on the Superseding Indictment. Defendant argues the Court has not sufficiently set forth its reasoning for granting numerous continuances and that lack of diligent preparation by the Government does not justify a continuance based on the ends of justice.

Defendant was represented by counsel until May 21, 2025, when a *Faretta* hearing was held and the Court determined Defendant knowingly and voluntarily waived his right to counsel and allowed him to proceed pro se with stand-by counsel. Prior to May 21, 2025, all or virtually all requests to continue were made by Defendant's counsel. Since then, Defendant has exclusively moved to continue the trial seven times between July 30, 2025 and March 20, 2026. Additionally, Defendant has repeatedly offered for the Court to continue hearings, the scheduled trial, and/or allow extended filing deadlines. In all cases, the Court granted the motion to continue under § 3161(h)(7)(A) upon finding the continuance was in the interest of justice and outweighed the public and Defendant's right to a speedy trial.

Defendant's speedy trial clock began on July 20, 2021, the date of his initial appearance. *See* 18 U.S.C. § 3161(c)(1). The 21 days that elapsed between July 20 and August 10, 2021, when the first motion to continue was filed, are not excludable under the Speedy Trial Act, but the period while that motion was pending between August 10 and August 13, 2021, is excludable under § 3161(h)(1)(D). The Court concludes all of the

time that has elapsed since August 13, 2021, is properly excluded under the Speedy Trial Act, given the oral or written finding that the ends of justice served by granting each continuance outweighed the best interests of the public and Defendant in a speedy trial under § 3161(h)(7)(A).[1] Because only 21 days of Defendant's speedy trial clock have elapsed, the Court denies Defendant's Motion to Dismiss to the extent it is based on the Speedy Trial Act.

### B. Sixth Amendment Right

In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, courts consider "(1) the length of the delay, (2) the reasons for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) any prejudice the defendant suffered by the delay." *United States v. Bell*, 925 F.3d 362, 376 (7th Cir. 2019) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

The first element is met, as a delay of greater than one year is "presumptively prejudicial." *Id.* at 376. As for the second factor, Defendant alleges the reasons for the delay include the "excessive caseload of the Court," which he claims has resulted in delays in pretrial rulings, and the Government's failure and refusal to comply with its discovery obligations. However, the record does not support Defendant's argument. Defendant was indicted on July 7, 2021. Fourteenth months later, on September 8, 2022, Defendant's first court-appointed counsel was permitted to withdraw. Attorney Patrick Boyle represented Defendant from September 8, 2022, to May 21, 2025, at which time

---

[1] Defendant has filed more than 40 pretrial motions since he elected to represent himself. Thus, many of the days within the last year are also excludable under § 3161(h)(1)(D).

Defendant was allowed to proceed *pro se* with Mr. Boyle remaining as standby counsel. Both attorneys were permitted to withdraw from representing Defendant due to an irreconcilable breakdown of the attorney-client relationship and disagreements as to the appropriate defense strategy.

While representing Defendant, Mr. Boyle filed a Motion to Dismiss Superseding Indictment on December 16, 2024, which the Court denied on January 21, 2025. Mr. Boyle filed a Motion for Supplemental Discovery on March 10, 2025, which the Court denied on May 21, 2025. Beginning on May 14, 2025, Defendant filed a flurry of *pro se* motions seeking additional discovery and/or suppression of evidence. Defendant was granted leave to reply to the Government's responses to virtually every motion. Many of Defendant's motions were voluminous and one required a hearing that took place over two dates approximately one month apart in September and October 2025. After the Court ruled on every motion Defendant filed in the spring and summer of 2025, Defendant began filing new motions.

On April 6, 2026, Defendant filed 25 "Emergency Motion[s] for Order to Show Cause and Motion for Entry of Orders for Contempt Proceedings." Many of these motions are repetitive, including Defendant's continued claims that the Government has not adhered to its discovery obligations. Thus, most of the delay is due to Defendant's strategic differences with his former attorneys and Defendant's numerous pretrial motions. This factor weighs strongly against Defendant. *See Bell*, 925 F.3d at 376 (When "almost all other delay was due to defense pretrial motions, at least five defense motions

for continuances, and Bell's uncooperativeness with counsel and desire to change counsel[], [t]his factor weighs strongly against Bell.").

The third factor concerns whether Defendant has asserted his right to a speedy trial. Defendant claims he has been required to make a "Hobson's Choice" between asserting his due process rights to obtain all required disclosure and endure years of delay or invoking his right to a speedy trial and proceeding without the necessary disclosure materials. This is the first time Defendant has raised his right to a speedy trial. Two months after filing his speedy trial motion, Defendant filed the previously referenced 25 emergency motions. He has since filed a Motion to Grant Emergency Motions for Order to Show Cause and Emergency Motion for Entry of Order for Appointment of Special Prosecutor, For Prosecution of Criminal Contempt Regarding Government's Motion to Strike, and to Give Notice in Open Court, an Order to Show Cause, or an Arrest Order. This factor does not weigh in Defendant's favor given that in seeking discovery, Defendant is predominantly requesting materials to which he is not entitled to and/or are not relevant. Furthermore, given that many of these filings are repetitive, Defendant does not appear to be in any hurry to proceed to trial.

The fourth factor is prejudice. "We examine prejudice resulting from a delay in trial in light of the interests the Sixth Amendment seeks to protect. The interests are (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Bell*, 925 F.3d at 376 (quoting *United States v. Harmon*, 721 F.3d 877, 883 (7th Cir. 2013)). The fact that Defendant has been incarcerated for a significant period prior to trial weighs in his favor.

*Id* at 376. However, the inquiry turns to whether the delay impaired the defendant's defense and, when as here, the delay is attributable primarily to Defendant, "the defendant must make a specific showing of prejudice to make out a Sixth Amendment violation." *Id.* "It is not enough to allege generally that witnesses no longer clearly recalled events related to the case." *Id.* "If witnesses testify that the passage of time affected their memories, to show prejudice the defendant must show that there was some specific testimony that the witnesses would have offered but were unable to offer by the time of trial that would have helped the defense." *Id.* (internal quotation marks and citation omitted).

The Court finds Defendant has not met this demanding standard. The Government claims that, if anything, it has suffered prejudice because as evidenced at the suppression hearing, its witnesses' memories may begin to fade. Thus, Defendant's Motion to Dismiss Indictment is denied to the extent the motion is based on his Sixth Amendment right to a speedy trial. *See also United States v. Hills*, 618 F.3d 619, 632 (7th Cir. 2010) ("[A]s long as the government shows reasonable diligence in prosecuting its case, a defendant who cannot demonstrate prejudice with specificity will not show a Sixth Amendment violation, no matter how long the delay.").

III.    **CONCLUSION**

For the reasons stated herein, Defendant has not shown that his right to a speedy trial under the Sixth Amendment or Speedy Trial Act has been violated. Therefore, Defendant's Motion to Dismiss for Violation of the Speedy Trial Act and Violation of Constitutional Due Process and Speedy Trial Rights (Doc. 143) is DENIED.

ENTER: May 18, 2026

<u>    /s/ Colleen R. Lawless           </u>
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE