E-FILED
Wednesday, 20 May, 2026  11:04:25 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 21-cr-30050 |
| BRIAN B. FASSERO, | ) | |
| Defendant. | ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant Brian Fassero's *Pro Se* Motion for Supplemental Disclosure. (Doc. 145). For the reasons that follow, Defendant's motion is denied.

Pursuant to Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), Defendant asks the Court to order the Government to immediately produce any and all evidence requested and/or described in Defendant's January 27, 2026 "Supplemental Formal Disclosure Demand" letter addressed to the United States Attorney, which Defendant filed contemporaneously and labeled Exhibit D-31. (Doc. 146).

The Court has reviewed each of the requests in Defendant's 27-page letter. The Government states it has provided all oral, written, and recorded statements which are not contraband, or located on a device that contains contraband, to Defendant. Defendant was afforded the opportunity to inspect the contraband at the Courthouse on March 11,

2026. Furthermore, stand-by counsel also inspected the extractions from the items which contain contraband. Defendant was given a copy of his prior criminal record. Defendant has received copies of the grand jury testimony of Special Agent Robert Lawson. The Government has provided the curriculum vitae of its expert to Defendant and the expert's report will be disclosed upon its completion. The Government is unaware at this time of any exculpatory evidence to disclose. Attached to the Government's response is a chart describing other items that have been disclosed to Defendant. (Doc. 157-1). The foregoing demonstrates that the Government has complied with its obligations under Rule 16, *Brady*, and *Giglio*.

Defendant continues to request information related to HSI Pretoria's investigation into the South African's chat platform. The Court previously determined those materials were not relevant to defending against charges of possession of child pornography. (Doc. 76 at 5). Defendant also requests various "admissions and stipulations" from the Government but a criminal prosecution is not governed by the Federal Rules of Civil Procedure's discovery rules.

Defendant requests various grand jury materials. The Government notes it has tendered the transcript of SA Lawson's grand jury testimony under *Jencks* and has no other grand jury materials to disclose at this time. The attorney for the government is generally prohibited from disclosing "a matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(vi). A court may authorize disclosure of matters before the grand jury "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). A

defendant must show a "particularized need" to warrant disclosure of grand jury materials to the defense. *See United States v. Tingle*, 880 F.3d 850, 855 (7th Cir. 2018). "To obtain grand jury materials, the moving party must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the request is structured to cover only material so needed." *Id.* (internal quotation marks and citation omitted).

Defendant alleges, "HSI SA Robert Lawson, while under oath, gave testimony to the initial Grand Jury that was irreconcilably contradictory to the contents of official Homeland Security reports issued by SA Lawson and approved by his supervisor HSI RAC Eric Bowers." (Doc. 146 at 8). He further asserts, "The reports and declarations of SA Lawson are also refuted by the contents of official Homeland Security reports issued by HSI SA Christopher Wang and approved by his supervisor RAC Bowers." (*Id.*) Defendant says nothing about the nature of SA Lawson's alleged contradictory testimony or how it relates to Defendant's possession of child pornography charges. Thus, the Court concludes Defendant's unsupported speculation of improper conduct is not enough to warrant further disclosure of grand jury testimony.

Defendant further makes requests related to the missing video recording of Defendant's interview. The video is not in the Government's possession because HSI cannot find it. There is a back-up audio recording of the interview and there is absolutely no evidence of the deliberate destruction or spoliation of evidence. Therefore,

Defendant's request for the Government to admit or stipulate that the evidence was "deliberately destroyed or spoliated by Government agents" is denied.

Defendant asks to inspect and copy seized electronics that form the basis for the charges in this case. The Government states it has and will continue to make those items available for inspection. However, a criminal defendant is not entitled to copy child pornography, as long as the Government has made the material "reasonably available." 18 U.S.C. § 3509(m)(2)(A). To the extent Defendant seeks this and other discovery to show bad faith or misconduct on the part of Government agents, that is not an available defense to criminal charges. *See United States v. Westmoreland*, 712 F.3d 1066, 1071 (7th Cir. 2013) (stating that the outrageous government conduct defense is "disallowed" in the Seventh Circuit). Even if it were available, a defendant would need to show "the government's involvement created a crime or criminal enterprise that did not exist before, and where the government had to coerce the defendant to commit the crime by some unreasonable means." *Id.* at 372. As the Government alleges, Defendant's phone number was found in a chat room that contained child pornography. Defendant is a registered sex offender based on a previous conviction related to child molestation. Thus, the Court concludes Defendant could not make the requisite showing for an outrageous government conduct defense even if it were available.

The Government's Response makes clear that it recognizes its discovery obligations under Rule 16, *Brady*, *Giglio*, and *Jencks*. Upon reviewing each of the discovery requests in Defendant's Supplemental Formal Disclosure Demand and the parties' filings, the Court concludes that the Government has complied with and/or is continuing

to comply with its discovery obligations. Therefore, Defendant's Second Motion for Supplemental Disclosure (Doc. 145) is DENIED. Defendant's Motion for Leave to File a Reply to the Government's Response to Defendant's Second Discovery Motion (Doc. 195) is DENIED on the basis that the proposed 30-page Reply (Doc. 195-1) is more than twice as long as the Government's Response.

ENTER: May 20, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE