E-FILED
Monday, 01 June, 2026  03:06:26 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cr-30050 |
| | ) | |
| | ) | |
| | ) | |
| BRIAN B. FASSERO, | ) | |
| Defendant. | ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is the Government's Motion to Limit the Display of Pornography (Doc. 153). For the reasons that follow, the Government's motion is granted.

Defendant is charged by Superseding Indictment with five counts of Possession of Child Pornography. In support of its motion, the Government notes that while there is a presumption of openness in criminal trials, that presumption is not absolute and "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *See Press-Enterprise Co. v. Sup. Ct.*, 464 U.S. 501, 510 (1984). In order to protect the dignity and privacy interests of the victims, the Government asks the Court to prevent the public display of child pornography and other sexually explicit images during trial by preventing publication of such images to the gallery in the Courtroom.   The continued existence of child pornography "causes the child victims continuing harm by haunting the children in years to come." *Osborne v. Ohio*, 495 U.S. 103, 111 (1990).

Mr. Fassero opposes the Government's motion and asks the Court to "prohibit the Government from introducing, admitting, publishing or displaying any title, description, content, or 'visual depiction' (as defined by Title 18 U.S.C. § 2256(5)) of pornography of any kind to the jury and/or the gallery." (Doc. 163 at 1). Defendant's reliance on *United States v. Loughry*, 660 F.3d 965 (7th Cir. 2011) is misplaced. In *Loughry*, the Seventh Circuit reversed the defendant's conviction after the district court allowed the government to show several uncharged "highly inflammatory" pornography videos that had been found in defendant's home. *Id.* at 967. The Seventh Circuit concluded that the trial court erred in allowing the admission of the videos without first examining them and properly explaining its reasoning under Federal Rule of Evidence 403. Here, there is no indication that Government intends to present images related to uncharged conduct. If the Government seeks to present such evidence, Defendant will have an opportunity to object under Rule 403.

However, Defendant is charged with five counts of possession of child pornography, which means the Government must prove that "[t]he material identified in the indictment contained child pornography." *See William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit*, at 928 (2023 ed.). Clearly, the Government must be afforded an opportunity to prove its case. Therefore, the Court denies Defendant's request to prohibit the Government from presenting any pornography at trial.

The Court finds the Government's request to limit the display of pornography strikes an appropriate balance between preserving Defendant's right to an open, public trial and protecting the dignity and privacy of victims while also preventing any

continued exploitation. Therefore, the Government's Motion to Limit the Display of Pornography (Doc. 153) is GRANTED. The publication of any pornographic or sexually explicit images presented at trial will be restricted to the jury and trial participants and will not be accessible to members of the public.

ENTER: June 1, 2026

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE